UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KACY NICHOLE MUSTAIN,<br><br>                                  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                                  Defendant. | Case No.:  21cv1392-BLM<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF NO. 22]** |

   On August 3, 2021, Plaintiff filed a complaint in this matter seeking judicial review of the denial of her application "for a period of disability, disability insurance benefits, and supplemental security income benefits." ECF No. 1.

   On December 5, 2022, the parties filed a Joint Motion for Voluntary Remand. ECF No. 19. The Court granted the motion on December 6, 2022. ECF No. 20.

   On February 22, 2023, the parties filed a Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920. ECF No. 22.

   The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. 28 U.S.C. § 2412(d). "A sentence four remand becomes a final

judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from. See Fed. R. App. 4(a)(1)(B). "A plaintiff who obtains a sentence four remand is considered a prevailing party for attorneys' fees." Akopyan, 296 F.3d at 854. Plaintiff is the prevailing party in this action for purposes of attorney's fees, the parties' joint motion is timely, and the Court finds the stipulated amount of fees and expenses reasonable.

Having considered the joint motion and finding the stipulated amount of fees and expenses reasonable, the Court **GRANTS** the joint motion and **AWARDS** Plaintiff attorney's fees and expenses in the total amount of $5,700.00 as authorized by 28 U.S.C. § 2412 and costs in the amount of $0.00 as authorized by 28 U.S.C. § 1920, subject to the terms of the parties' joint motion [see ECF No. 22]. Fees will be made payable to Kacy Nichole Mustain, but if the Department of the Treasury determines that Kacy Nichole Mustain does not owe a federal debt, then the government will cause the payment of fees, expenses, and costs to be made directly to the Law Offices of Lawrence D. Rohlfing, Inc., CPC pursuant to the assignment executed by Kacy Nichole Mustain [see ECF No. 22-1]. Any payments will be delivered to Steven G. Rosales.

**IT IS SO ORDERED**.

Dated: 2/27/2023

Hon. Barbara L. Major
United States Magistrate Judge